**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:   (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HONG FAT SHIPPING INC.

          Plaintiff,

- against -

SEALINK SHIPPING COMPANY LIMITED
AND SEALINK STEAMSHIP PTE LTD. AND
FAITHFUL LINKER LIMITED
          Defendants.

------------------------------------------------------------X



**VERIFIED COMPLAINT**

Plaintiff, HONG FAT SHIPPING INC. ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Panama, and is the Owner of the M.V. YICK ZAO (the "Vessel"), a bulk carrier of about 39,805 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, SEALINK SHIPPING COMPANY LIMITED ("Defendant" or "Sealink") was and now is a foreign corporation organized under and existing by virtue of the laws of a foreign country, and is the Charterer of the Vessel.

4. Upon information and belief, at all material times, Defendants, SEALINK STEAMSHIP PTE LTD. ("SSL") and FAITHFUL LINKER LIMITED ("FLL"), were and now are foreign corporations organized and existing under and by virtue of the laws of a foreign country and were, and still are, at all material times the alter-egos, aliases and/or paying agents of Defendant, Sealink.

## FACTS GIVING RISE TO CLAIM

5. On or about November 12, 2007, a time charter party (the "Charter") was made between Plaintiff, as Owner of the Vessel, and Defendant as Charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period of 11 to 13 months +/- 10 days in Charterer's option.

6. The Charter provided that Defendant shall pay for the use and hire of the Vessel at the rate of $43,000 per day payable every 15 days in advance. The Charter also provided that

the Captain shall be under the orders and direction of the Charterer as regards employment and agency and Charterer is to load, stow, trim, secure and discharge the cargo at their expense under the supervision of the Captain, and stevedores were to be appointed and paid by the Charterer.

7.    Pursuant to the Charter, the Vessel was delivered to the Defendant on or about November 20, 2007. On or about December 21, 2007 Defendant sub-chartered the Vessel to Glorious State Fareast Limited ("GSL") for one 3 to 5 month period at a daily charter hire rate of $47,500 per day or pro rata. Defendant delivered the Vessel to GSL on December 30, 2007 and the Vessel was ordered to proceed to Lianyungang, China where it commenced loading a cargo of cement. GSL failed to make the hire payment and on January 8, 2008 Defendant withdrew the Vessel from GSL's time charter.

8.    In accordance with Defendant's instructions Plaintiff discharged the cargo which stopped loading and several days later had been partially loaded at Lianyungang, China. However, on or about January 27, 2008 following the discharge of the cargo the Vessel was arrested by the cargo receiver on the basis of a questionable cargo damage claim of about $1.9 million. The Shanghai Maritime Court has ordered Plaintiff to provide cash guarantee to the Court in the amount of $1,902,237 in order to release the Vessel from arrest. Plaintiff has requested Defendant to put up the security ordered by the Chinese court as the arrest order relates to the alleged cargo damage caused during discharge by the stevedores who were "<u>appointed and paid</u>" by the Defendant and were its responsibility under the terms of the Charter. In addition, pursuant to the Inter Club Agreement incorporated in the Charter, such claims are the responsibility of the Defendant. However, Defendant has refused to provide the security even though claims for cargo damage are Defendant's responsibility under the Charter.

In the circumstances, Plaintiff is entitled to damages in the amount of $1,902,237 which it is being ordered to provide as security to free the Vessel from arrest by reason of Defendant's breach of its obligations under the Charter.

9. Following the arrest of the Vessel on December 27, 2008 Defendant placed the Vessel off hire. Once again Defendant is not entitled to place the Vessel off hire for reasons which Defendant is responsible under the terms of the Charter i.e. <u>cargo damage</u>. Plaintiff is suffering damages at the rate of $43,000 per day for unpaid Charter hire. In light of the upcoming Chinese New Year holidays and the unavailability of the presiding Judge during the holidays may result in the Vessel remaining under arrest for about 30 days. Thus, Plaintiff presently estimates that its loss of hire will result in damages of about $1,290,000.

10. As a result of Defendant's aforesaid breach of its obligations under the Charter, Plaintiff estimates that it has been or soon will be damaged in the amount of $3,192,237 as best as can presently be calculated.

11. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to its damages, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $250,000. (*See Winter Storm Shipping, Ltd. v. TPI,* 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

12. Arbitration of these disputes in London arbitration may take 2 years. Plaintiff is entitled to and would receive interest at the present rate of 6.5% compounded quarterly on the principal claim from January 27, 2008 to the completion of the arbitration or about $439,376.

13. Plaintiff's total claim against Defendants for which it seeks security herein is $3,881,613 ($3,192,237 + $439,376 + $250,000).

14. Upon information and belief, Sealink uses SSL and FLL as "paying agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

15. It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies.

16. Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

17. Upon information and belief, SSL and FLL make payments on Sealink's behalf where SSL and FLL have absolutely no contractual obligations to Sealink's creditors.

18. SSL and FLL are the alter-egos of Sealink because they dominate and disregard Sealink's corporate form to the extent that SSL and FLL are actually carrying on Sealink's business and operations as if the same were their own, or vice versa.

19. Upon information and belief, Sealink has no separate identity from SSL and FLL.

20. In the further alternative, Defendants are partners and/or joint ventures.

21. In the further alternative, Defendants are affiliated companies such that SSL and FLL are now, or will soon be, holding assets belonging to Sealink, or vice versa.

22. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

23. Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed

with arbitration of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants, Sealink Shipping Company Limited, Sealink Steamship Pte Ltd. and Faithful Linker Limited, that they be personally cited to appear and answer the matters set forth above;

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $3,881,613, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       January 31, 2008

                                              **LAW OFFICES OF RAHUL WANCHOO**
                                              Attorneys for Plaintiff
                                              HONG FAT SHIPPING INC.

                                              By: _____Rahul Wanchoo_____
                                                  Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                          ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 31st day of
January, 2008

*Masha Elelman*
Notary Public

**Masha Elelman**
**Notary Public**
**State of New Jersey**
**My Comm. Expires Nov. 15, 2011**